IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MICHAEL JOE HOOKS,                )
                                  )
    Plaintiff,                    )
                                  )
v.                                )    Civil Action No.: 3:18-cv-732-SRW
                                  )
                                  )
ANDREW SAUL,                      )
Commissioner of Social Security,[1] )
                                  )
    Defendant.                    )

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

On September 15, 2016, Michael Joe Hooks filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging that he became disabled on September 1, 2016. The application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued an unfavorable decision dated March 16, 2018. Plaintiff appealed that decision and the Appeals Council denied Plaintiff's request for review on June 22, 2018. The ALJ's decision consequently became the final decision of the Commissioner of Social Security. *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review of that

---

[1] Andrew Saul was sworn in as the Commissioner of Social Security on June 17, 2019, and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* section 205(g) of the Social Security Act, 42 USC § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

decision pursuant to 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. *See* Docs. 8, 9. Based on review of the parties' submissions, the relevant law, and the record as a whole, the court will affirm the Commissioner's decision.

## II. STANDARD OF REVIEW AND REGULATORY FRAMEWORK[2]

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla," but less than a preponderance, "and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence") (citations omitted). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). However, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). A reviewing

---

[2] For purposes of this appeal, the court uses the Code of Federal Regulations ("C.F.R.") that was effective until March 27, 2017, because that was the version of the C.F.R. in effect at the time Plaintiff filed a claim for benefits. *See* 20 C.F.R. Part 404 and 416, effective March 27, 2017; *see also* https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.html Q.3.

court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a person must be unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[3] To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. § 404.1520.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The burden of proof rests on the claimant through Step Four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237–1239 (11th Cir. 2004); *see also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). A claimant establishes a *prima facie* case of qualifying disability once he or she has carried the burden of proof from Step One through Step Four. At Step Five, the burden shifts to the Commissioner, who must then show that there are a significant number of jobs in the national economy that the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Phillips*, 357 F.3d at 1238–1239. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242–1243. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy that the claimant can perform. *Id*. at 1239. To do this, the ALJ can use either the Medical Vocational Guidelines ("grids"), *see* 20 C.F.R. pt. 404 subpt. P, app. 2, or call a vocational expert ("VE"). *Id*. at 1239–1240.

The grids allow the ALJ to consider factors such as age, confinement to sedentary

---

[4] *McDaniel* is a supplemental security income (SSI) case. The same sequence applies to disability insurance benefits brought under Title II of the Social Security Act. Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.\* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

4

or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Id*. at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

## III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was 43 years old at the time he filed his application for benefits and 44 years old at the time of the ALJ's decision. R. 20, 147. Plaintiff is a resident of Phenix City, Alabama. R. 38. He lives with his wife, mother, father, and two children. R. 40. He has a college education and served in and was honorably discharged from the Army. R. 40, 46, 199.

Plaintiff alleged that his ability to work is limited by a right ankle condition, tinnitus, right lower extremity radiculopathy, left lower extremity radiculopathy, left wrist sprain with ganglion cyst, thyroid removal for Grave's disease, obstructive sleep apnea, migraine headaches, posttraumatic stress disorder, major depressive disorder, and gastroesophageal reflux disease. R. 198. Plaintiff's past relevant work was as an infantry soldier (combat rifle crew member) and personnel clerk. R. 20, 46, 57, 199.

Following the administrative hearing, and employing the five-step process, the ALJ found at Step One that Plaintiff "has not engaged in substantial gainful activity since September 1, 2016, the alleged onset date[.]" R. 13. At Step Two, the ALJ found that Plaintiff "has the following severe impairments: post-traumatic stress disorder, depression, migraines, radiculopathy, lumbago, carpal tunnel syndrome, obstructive sleep apnea, Grave's disease, hernia, gastroesophageal reflux disease with vomiting, and hypertension" and "a non-severe impairment of hearing loss." *Id*. At Step Three, the ALJ found that

5

Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" R. 14. Next, the ALJ articulated Plaintiff's RFC as follows:

> [T]he claimant retains the residual functional capacity to perform a reduced range of "light[5] work," as defined in 20 CFR 404.1567(b) as follows: The claimant can lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk for six hours in an eight-hour day, and sit for six hours in an eight-hour day. The claimant requires an alternating sit/stand option to allow change of position after 30 minutes to one-hour intervals. The claimant requires a hand-held assistive device for uneven terrain and prolonged ambulation. The claimant can occasionally operate foot controls, bilaterally. The claimant can never climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps and stairs, stoop, kneel, crouch, crawl, and balance. The claimant should avoid concentrated exposure to sunlight, vibration, unprotected heights and hazardous machinery. The claimant should work in an environment free of fast-pace production, with few workplace changes and little (rare to occasional) interaction with coworkers and supervisors. The claimant will be off task, while at a workstation, up to five percent daily.

R. 16. At Step Four, based upon the testimony of a VE, the ALJ concluded that Plaintiff "is unable to perform any past relevant work." R. 20. At Step Five, based upon Plaintiff's age, education, work experience, and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform," such as a marker, checker I, and mail clerk. R. 21. Accordingly, the ALJ determined that Plaintiff "has not been under a disability … from September 1, 2016, through the date of this decision[.]" R. 21.

## IV. DISCUSSION

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by "rejecting the opinion of a treating psychotherapist," (2) whether the RFC was "based on the record," and (3) whether the ALJ erred in her evaluation of Plaintiff's statements regarding the intensity, persistence, and limiting effects of his impairments. Doc. 13 at 1.

1. Treating Psychotherapist

First, Plaintiff contends that the ALJ erred in evaluating the opinion of his psychotherapist, Mr. Craig Brooks, MS, NCC. *Id*. at 5. On June 21, 2017, Mr. Brooks completed a Medical Source Statement in which he said that Plaintiff had "extreme" limitations in his ability to maintain concentration, persistence, or pace and to respond appropriately to supervisors, coworkers, and customary work pressures. R. 954. He determined that Plaintiff had "marked" limitations in his ability to attend meetings, relate to other people, perform daily activities, respond appropriately to changes in the work setting, perform simple tasks, perform complex, repetitive or varied tasks, and behave in an emotionally stable manner. *Id*. Mr. Brooks also said that Plaintiff was likely to be off task 15% or more of the workday, that he would be absent at least four times per month, and that his condition was likely to deteriorate if placed under stress. R. 955.

The parties do not dispute that a psychotherapist such as Mr. Brooks is an "other medical source," not an "acceptable medical source," and that the respective medical source opinions are judged by the ALJ under different legal standards. Doc. 13 at 5; Doc. 14 at 4–5 (quoting 20 C.F.R. § 404.1513 and Social Security Ruling ("SSR") 06-03p, 2006 WL 2263437). Opinion evidence supplied by an "other source" cannot establish the existence of an impairment, but it can be used to demonstrate the severity of an impairment. *Thomas o/b/o J.T.C. v. Berryhill*, No. 3:16-cv-443-SRW, 2018 WL 1583149, at *3–4

7

(M.D. Ala. Mar. 30, 2018). An ALJ is required to consider the opinion evidence supplied by an "other medical source," and she is entitled to assign weight to the evidence based on a number of factors including consistency with the administrative record as a whole. *See* 20 C.F.R. §§ 404.1527(c)(1-6). The ALJ is not required to afford an "other source" opinion any specific weight or credit over the contrary opinions of acceptable medical sources. *See Farnsworth v. Soc. Sec. Admin.*, 636 F. App'x 776, 784 (11th Cir. 2016), *see also* 20 C.F.R. §§ 404.1527(d); 404.1513(a) (licensed physicians, psychologists, optometrists, podiatrists, and qualified speech-language pathologists are acceptable medical sources) and SSR 06-03p, 2006 WL 2263437 (only acceptable medical sources can be considered treating sources "whose medical opinions may be entitled to controlling weight").

Here, the ALJ specifically discussed Mr. Brooks's opinion, explained why it was entitled to less weight, and correctly noted that Mr. Brooks was not an acceptable medical source. R. 20, 954–955. The ALJ observed that Mr. Brooks found that Plaintiff had a marked to extreme limitation in nearly every work-related mental activity. *Id*. However, the ALJ reasoned that this opinion was inconsistent with and unsupported by the overall medical evidence in the record. R. 20. As the ALJ noted elsewhere in the decision, Plaintiff exhibited generally unremarkable mental status examinations, with appropriate speech, affect, memory, cognition, thought content, and thought processes. R. 18, 20, 552–553. *See* 20 C.F.R. § 404.1527(c)(3), (4).

The ALJ also noted that none of Plaintiff's treating or examining physicians had rated his limitations as severely as had Mr. Brooks. R. 20. For example, the ALJ considered the opinion of Scott Stewart, Ph.D., a consultative psychologist who examined Plaintiff in December 2016 and found that he had the ability to sustain attention and concentration for

repetitive tasks, but had limitations with interpersonal skills and handling the "day-today pressures of a work environment." R. 18, 20, 553. The ALJ also considered and assigned partial weight to the opinion of Dr. Robert Estock, a state agency psychological consultant who reviewed Plaintiff's medical records and found that Plaintiff had moderate limitations in social functioning and maintaining concentration, persistence, or pace. R. 19, 67. The ALJ accounted for these limitations in Plaintiff's RFC by limiting him to "work in an environment free of fast-pace production, with few workplace changes and little (rare to occasional) interaction with coworkers and supervisors" while being "off task, while at a workstation, up to five percent daily." R. 16, 19–20.

Plaintiff argues that the "ALJ inappropriately substituted her own 'medical opinion' for that of [Mr. Brooks]." Doc. 13 at 8. That is not the case. The determination of a claimant's RFC is an administrative assessment, not a medical one, and the final responsibility for assessing a claimant's RFC rests with the ALJ. *See* 20 C.F.R. §§ 404.1527(e)(2), 404.1545(a)(3); SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996); *Castle v. Colvin*, 557 F. App'x 849, 853 (11th Cir. 2014) (finding that ALJ "properly carried out his regulatory role as an adjudicator responsible for assessing [the plaintiff's] RFC"). Although an ALJ may not make medical findings, *see Marbury v. Sullivan*, 957 F.2d 837, 840 (11th Cir. 1992), it is the ALJ's responsibility to resolve conflicting medical opinions and evidence. *See Watson v. Heckler*, 738 F.2d 1169, 1172 (11th Cir. 1984). The fact that the ALJ did not give controlling weight to Mr. Brooks's opinion does not mean that her decision lacked an evidentiary basis. The ALJ's decision shows that she appropriately considered and thoroughly discussed the medical evidence and other evidence supporting Plaintiff's mental RFC assessment. R. 16–20; *see* 20 C.F.R. § 404.1545(a)(3)("We will

assess your residual functional capacity based on all of the relevant medical and other evidence."). "To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has provided a sufficient rationale to link substantial record evidence to the legal conclusions reached." *Eaton v. Colvin*, 180 F. Supp. 3d 1037, 1055 (S.D. Ala. 2016) (citation and internal quotation marks omitted).

Upon review, the court concludes that the weight the ALJ assigned to Mr. Brooks' opinion is consistent with proper legal principles and is supported by substantial evidence. Thus, the ALJ's decision to assign lesser weight to Mr. Brooks's opinion is not grounds for reversal.

2. Determination of RFC

Plaintiff next argues that the ALJ's RFC finding "was not based on the medical record." Doc. 13 at 9. As discussed above, the ALJ is responsible for determining a claimant's RFC. 20 C.F.R. § 404.1546(c). Such "assessment should be based upon all of the relevant evidence of a claimant's remaining ability to do work despite [his] impairments." *Beech v. Apfel*, 100 F. Supp. 2d 1323, 1331 (S.D. Ala. 2000 (citing 20 C.F.R. § 404.1546)). It is not a physician but the ALJ who is charged with assessing a claimant's RFC at the administrative level. *See* 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c); *see also Castle*, 557 F. App'x at 853–854. However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection . . . [of the] 'medical condition as a whole.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)).

Here, after considering all of the record evidence, the ALJ decided that Plaintiff retained the RFC to perform a reduced range of light work. R. 16–20. The court finds that substantial evidence supports this RFC determination. As to Plaintiff's physical impairments, the ALJ explained that Plaintiff's examinations "frequently revealed clear lungs with normal respirations, normal heart rate and rhythm, good joint range of motion throughout the upper and lower extremities without significant edema, and intact sensation, motor strength, coordination, gait, stance, and balance." R. 16–17, 327, 332, 357, 390, 410–411, 426, 545–548, 807, 859. The ALJ also observed that, although Plaintiff reported a history of migraines, his January, 2016 brain MRI was largely unremarkable. R. 17, 327–328.

The ALJ reviewed November, 2016 examination notes from Dr. Melvin Williams, a consultative examiner, showing that Plaintiff was "in no acute distress with normal abdomen, extremities, neck, lungs, heart, and skin, and intact pulses, reflexes, sensation, and motor strength throughout the upper and lower extremities." R. 17, 545–548. Dr. Williams noted that Plaintiff had negative straight leg raises bilaterally and normal ambulation. R. 17, 545, 547. The ALJ explained that Dr. Williams did not believe that Plaintiff needed an assistive device for ambulation. R. 17, 548.

Dr. Williams found that Plaintiff could sit for six hours and stand/walk for four hours in an eight-hour workday; could lift twenty pounds occasionally and ten pounds frequently; could occasionally stoop, crouch, and climb ladders, ropes, scaffolds, ramps, and stairs; could kneel and crawl without limitation; and should avoid unprotected heights. R. 19, 548–549. The ALJ assigned great weight to Dr. Williams's opinion, reasoning that it was generally consistent with light exertion work with a sit/stand option. R. 19. *See* 20

11

C.F.R. § 404.1527(c)(3), (4). The ALJ also gave great weight to the opinion of Victoria Hogan, M.D., the agency reviewing physician who opined that Plaintiff could perform a range of light work, consistent with the assessed RFC. R. 19, 69–71. *See* SSR 96-6p, 1996 WL 374180 at *2–3 (agency physicians are experts in the Social Security Disability programs whose opinions may be given greater weight than the opinion of a treating or examining source in appropriate circumstances).

Regarding Plaintiff's mental impairments, as discussed above, the ALJ gave great weight to the opinion of Dr. Stewart, a psychological consultative examiner, who found that Plaintiff retained the ability to sustain attention and concentration for repetitive tasks, but had some limitations with interpersonal skills and the ability to relate to others in a work setting. R. 18, 553. The ALJ incorporated these limitations into the RFC. R. 16, 20. The ALJ also gave great weight to the opinion of Dr. Estock, a state agency reviewing psychological expert, who dtermined that Plaintiff had moderate limitation in social functioning and in maintaining concentration, persistence, or pace. R. 19, 67. Finally, the ALJ considered that "no physician render[ed] an opinion that [Plaintiff] is disabled" or has limitations that preclude him from performing a range of light work. R. 18.

Plaintiff points to evidence in the record that he believes supports greater limitations than those found by the ALJ. Doc. 13 at 9–13. However, Plaintiff's argument amounts to asking the court to reweigh the evidence, which is not the court's prerogative. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) ("To the extent that [the plaintiff] points to other evidence which would undermine the ALJ's RFC determination, her contentions misinterpret the narrowly circumscribed nature of our appellate review, which precludes us from re-weighing the evidence or substituting our judgment for that of the

Commissioner even if the evidence preponderates against the decision.") (internal quotations and footnotes omitted). The court concludes that the RFC is based on substantial evidence and is in accordance with controlling law.

3. Subjective Complaints of Pain

Finally, Plaintiff argues that the reasons given by the ALJ for discounting his statements about the nature and limiting effects of his impairments are "not supported by the record." Doc. 13 at 14.

In this circuit, to demonstrate that pain or symptoms of an underlying medical condition render her disabled, a plaintiff must satisfy what has come to be known as the "pain standard." *Mack v. Comm'r of Soc. Sec.*, 420 F. App'x 881, 883 (11th Cir. 2011); *see also Vonboeckman v. Colvin*, No. 5:13-cv-1401-SLB, 2014 WL 6239598, at *5 (N.D. Ala. Nov. 13, 2014); SSR 96-7p, 1996 WL 374186 (July 2, 1996). Under that standard, the plaintiff must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards*, 937 F.2d at 584 (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)); *see also Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d at 1054).

Here, in evaluating Plaintiff's subjective complaints of pain, the ALJ generally found that Plaintiff's "medically determinable impairments could reasonably be expected

to cause the alleged symptoms." R. 19. However, the ALJ found that Plaintiff's statements regarding his limitations and functional capacity were "inconsistent with a reasonable reading of his medical history" and that "[h]is assertions regarding his limited activities, severity of impairments, intensity, persistence, and limiting effects of symptoms, and inability to work are not accepted as persuasive to the extent they are inconsistent with the [RFC] assessment." *Id.*

As discussed above, the ALJ thoroughly reviewed the medical evidence of record. Additionally, the ALJ noted that the record did not show "frequent emergency room visits, hospitalizations, or surgical interventions for any of [Plaintiff's] impairments, especially since the alleged onset date." R. 18; *see* 20 C.F.R. § 404.1529(c)(3) (An ALJ may consider a claimant's treatment history as a factor when evaluating the claimant's symptoms.). The ALJ explained that Plaintiff's treatment had been "primarily conservative and minimally invasive in nature consisting of only intermittent medicinal therapy with no physician rendering an opinion that the claimant is disabled or corroborating his allegations of total incapacitation." R. 18; *see Pennington v. Comm'r of Soc. Sec.*, 652 F. App'x 862, 873 (11th Cir. 2016) (an ALJ may properly consider the lack of aggressive treatment when evaluating a claimant's symptoms).

The ALJ also considered that Plaintiff's medication regimen has been generally effective in controlling his symptoms. R. 18, 438. *See* 20 C.F.R. § 404.1529(c)(3)(iv) (An ALJ may consider the "type, dosage, effectiveness, and side effects" of a claimant's medications when evaluating the claimant's symptoms.). Despite effective medication, the ALJ explained that the record shows that Plaintiff has not been fully compliant with his prescribed medication. R. 18, 330, 389, 442. The ALJ discussed Plaintiff's complaints of

medication side effects, including his purported inability to tolerate sun exposure, but found that the medical evidence failed to establish "persistent complaints or hospitalization or other treatment for any medication side effects." R. 18, 235, 330, 389, 529. *See* 20 C.F.R. § 404.1529(c)(3)(iv).

Finally, the ALJ found that Plaintiff's reported daily activities undermined his claim of disability. *See* 20 C.F.R. § 404.1529(c)(3)(i); *Majkut v. Comm'r of Soc. Sec.*, 394 F. App'x 660, 663 (11th Cir. 2010) (an ALJ may consider a claimant's daily activities as a factor when evaluating the claimant's symptoms). In this case, the ALJ noted Plaintiff's reports that he is able to drive and care for his personal needs. R. 18. The ALJ considered Plaintiff's testimony that he "does not perform any household chores or yard work" but found that, "given the absence of evidence supporting a medical reason for such inactivity, it would seemingly be more a matter of choice of lifestyles than medical impositions." *Id.*

The court finds no error in the ALJ's evaluation of Plaintiff's subjective complaints of pain. Although Plaintiff points to evidence in the record that he contends bolsters his statements regarding the nature and limiting effects of his impairments, the fact that another conclusion may be reasonable from the record is not a basis for remand. *See Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011) ("The question is not . . . whether the ALJ could have reasonably credited [Plaintiff's] testimony, but whether the ALJ was clearly wrong to discredit it."). The ALJ sufficiently discharged her duty in reviewing the medical evidence and determining whether and how Plaintiff's impairments affect his ability to work. The ALJ's decision articulates the basis for the RFC and cites to substantial supporting evidence in the record. The court discerns no legal error in the ALJ's consideration of the evidence of record, nor in her explanation of the decision.

Accordingly, because the Commissioner's decision is supported by substantial evidence and the proper legal standards were applied, it is due to be affirmed.

## V.  CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the Commissioner's decision will be AFFIRMED.  A separate judgment will issue.

DONE, on this the 25th day of November, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge